**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

SABAL TRAIL TRANSMISSION,
LLC,

    Plaintiff,

v.                                         Case No: 5:16-cv-208-Oc-30PRL

84.115 ACRES OF LAND IN
MARION COUNTY, FLORIDA,
AZ OCALA RANCH, LLC, WILL
BELLAMY, AND UNKNOWN
OWNERS, IF ANY,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants AZ Ocala Ranch, LLC and Will Bellamy's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 15) and Plaintiff's response in opposition (Doc. 18). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Defendants' motion should be denied.[1]

## BACKGROUND

On February 2, 2016, the Federal Energy Regulatory Commission ("FERC") issued an order which, among other things, granted to Sabal Trail a Certificate of Public

---

[1] The Court is aware of Federal Rule of Civil Procedure 71.1(e)(3)'s prohibition on objections raised outside of an answer. But because Defendants also raised this objection in their answer and the challenge is to the Court's subject matter jurisdiction, the Court did not strike the motion as improper.

Convenience and Necessity ("FERC Certificate") under the Natural Gas Act, 15 U.S.C. § 717f. The FERC Certificate authorizes Sabal Trail to construct and operate 516.2 miles of a natural gas pipeline and related facilities across Alabama, Georgia, and Florida. (Doc. 1 at 3). The NGA grants private natural gas companies the power of eminent domain where they hold a FERC certificate and either cannot acquire the property through contract, or are unable to agree with the owner of the property on the amount of compensation to be paid for the necessary right-of-way. § 717f(h). "Once a [certificate of public convenience and necessity] is issued by the FERC, and the gas company is unable to acquire the needed land by contract or agreement with the owner, the only issue before the district court in the ensuing eminent domain proceeding is the amount to be paid to the property owner as just compensation for the taking." *Maritimes & Ne. Pipeline, LLC v. Decoulos*, 146 F. App'x 495, 498 (1st Cir. 2005); *Millennium Pipeline Co., LLC v. Certain Permanent & Temp. Easements*, 777 F. Supp. 2d 475, 479 (W.D.N.Y. 2011), *aff'd* 552 F. App'x 37 (2d Cir. 2014).

Relying on the FERC Certificate, Sabal Trail filed a complaint under Federal Rule of Civil Procedure 71.1 against Defendants, owners of the subject property, to take the easements necessary to complete the project. (Doc. 1). By their motion to dismiss, Defendants argue that the Court lacks subject matter jurisdiction over this action and the related actions because the FERC certificate is not final due to pending requests for rehearing before the FERC. (Doc. 15).

## **DISCUSSION**

Currently, there are four requests for rehearing pending before the FERC regarding the FERC Certificate, including a request filed by Sabal Trail. (Doc. 18, Ex. 1). The rehearing requests are currently under consideration by the FERC, but have not yet been granted. As such, Defendants argue that Sabal Trail's claims are not ripe. (Doc. 15). Defendants' contention, however, is without merit and overwhelmingly refuted by the many courts that have previously addressed this issue.

The FERC's regulations explicitly provide that its "orders are effective on the date of issuance." 18 C.F.R. § 385.2007(c). The FERC Certificate, issued on February 2, 2016, became final on that date. More important, a request for rehearing has no effect on the finality of an order absent a stay issued from the FERC. Specifically, § 717r(c) states: "The filing of an application for rehearing . . . shall not, unless specifically ordered by the [FERC], operate as a stay of the [FERC]'s order. The commencement of [appellate proceedings] shall not, unless specifically ordered by the court, operate as a stay of the [FERC]'s order." Here, several parties specifically requested a stay from the FERC, and the request was denied. (Doc. 18, Ex. 2).

In the recently-decided case of *Constitution Pipeline Co., LLC v. A Permanent Easement for 2.40 Acres*, No. 3:14-cv-2046 (NAM/RFT), 2015 WL 1638211, at *3 (N.D.N.Y Feb. 24, 2015), the court concluded that a motion for rehearing that was not accompanied by a stay from the FERC did not affect the court's obligation to enforce a FERC certificate. *Accord Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement Beneath 11.078 Acres*, No. 08-168 et al., 2008 WL 4346405, at *3 (W.D. Penn.

Sept. 19, 2008) (concluding that a request for rehearing absent a stay does not affect the finality of an order from the FERC); *Tenn Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 109 (D. Mass. 1998) (concluding that a FERC certificate is final and binding unless a stay is issued by the FERC); *Ecee, Inc. v. Fed. Power Comm'n*, 526 F.2d 1270, 1274 (5th Cir. 1976) ("A complete resolution of matters before an administrative or judicial tribunal does not wait for finality until an appeal is decided; it is final unless and until it is stayed, modified, or reversed. . . . In the absence of a stay, the [FERC's predecessor's, the Federal Power Commission] orders are entitled to have administrative operation and effect during the disposition of the proceedings.").

## CONCLUSION

Because the FERC has not issued a stay, the FERC Certificate is final and binding and Sabal Trail's condemnation case is ripe. Thus, the Court has subject matter jurisdiction to enforce the FERC Certificate.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Defendants AZ Ocala Ranch, LLC and Will Bellamy's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 15) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of May, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

4